

**2011-AC03380 - DELORES CARIO V ACIMA CREDIT (E-CASE)**

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending   ○ Ascending

Display Options: All Entries

---

**07/07/2020**   ☐ **Summons Issued-Associate**
Document ID: 20-ADSM-2993, for ACIMA CREDIT, LLC. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. EPP

☐ **Civil Setting Scheduled**
   Scheduled For: 08/18/2020;  9:00 AM ;  MATTHEW E P THORNHILL;  Setting: 1;  St Charles Circuit Div

**07/06/2020**   ☐ **Filing Info Sheet eFiling**
   Filed By: MATTHEW P COOK

☐ **Pet Filed in Associate Ct**
   petition.
   On Behalf Of: DELORES CARIO

☐ **Judge Assigned**

Case.net Version 5.14.0.17                Return to Top of Page                Released 11/25/2019

---

# EXHIBIT A

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

| | |
|---|---|
| Deloris Cario, <br>     Plaintiff, <br> <br> v. <br> <br> Acima Credit, LLC <br> Serve at: <br> R/A -CSC-Lawyers Inc. Svc. Co. <br> 221 Bolivar <br> Jefferson City, MO 65101 <br>     Defendant, | Case No.: <br> <br> Div. No.: <br> <br> <br> **JURY TRIAL DEMANDED** |

## PETITION FOR DAMAGES

Comes now Plaintiff, Deloris Cario, by and through counsel; Matthew P. Cook, and states the following:

### INTRODUCTION AND JURISDICTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA").

2. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. §1692k(d).

3. Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in St. Louis County, Missouri.

4. Plaintiff demands a trial by jury on all issues so triable.

### PARTIES

5. Plaintiff is a natural person currently residing in St. Louis County, Missouri.  Plaintiff is a consumer within the meaning of the FDCPA.  The alleged debt owed arises out of consumer, family and household transactions.

6. Defendant, Acima Credit, LLC, is a foreign corporation with its principal place of business in Salt Lake City, Utah.  The principal business purpose of Defendants are the collection of debts and Defendants regularly attempts to collect debts.

7.     Defendant is engaged in the collection of debts from consumers using the mail and telephone in Missouri.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. §1692a(6).

## FACTS

8.     The alleged debt stems from an apartment complex.  Defendant told Plaintiff they purchased the account after the apartment complex had charged off the account.

9.     The parties spoke on the phone in the middle of June, 2020 and Defendant demanded payment of $2,216.  Defendant offered a settlement offer for $321 and explained to Plaintiff that the offer was good for up to 90 days.  Defendant further informed Plaintiff that in order to take advantage of the settlement offer she would need to set up payment that day.

10.     During the call Defendant also did not advise Plaintiff of her mini-miranda rights in violation of 15 U.S.C. §1692e(11).

11.     Defendant explained to Plaintiff that the balance had increased after they purchased the account.

12.     When the parties spoke a day or so later Defendant again did not read Plaintiff her mini-miranda rights in violation of 15 U.S.C. §1692e(11).

13.     Defendant told Plaintiff that she has incurred $385 dollars in fees.

14.     Defendant and the original creditor did not have any statutory or contractual right to charge Plaintiff any interest or fees of $385 and the attempt to do so violated 15 U.S.C. §1692f(1).

15.     Plaintiff asked if she could take advantage of the settlement offer of $321 in July and Defendant advise Plaintiff could.

16.     Defendant's original statement that Plaintiff had to take advantage of the settlement offer that day or pay within 90 days was a misrepresentation intended to deceive Plaintiff into paying on the debt in violation of 15 U.S.C. §1692e.

17.     Defendant's settlement offer was not time-sensitive and Plaintiff could take advantage of it at any time.

18.     Defendant's collection attempts and misrepresentations have caused Plaintiff to incur

Electronically Filed - St Charles Circuit Div - July 06, 2020 - 05:59 PM

Electronically Filed - St Charles Circuit Div - July 06, 2020 - 05:59 PM

actual damages, attorney fees, as well as emotional distress.

## COUNT I: VIOLATION OF THE FDCPA

19. Plaintiff re-alleges and incorporates by reference the above paragraphs.

20. Defendant regularly attempts to collect consumer debts asserted to be due to another and at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. §1692a(6).

21. A single action on the part of the debt collector can violate multiple sections of the FDCPA.

22. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C §1692 *et. seq.* including, but not limited to the following:

    a. Failed to advise Plaintiff of her mini-miranda rights in violation of 15 U.S.C. §1692e(11);

    b. Used false and deceptive means in an attempt to collect on the debt in violation of 15 U.S.C. §1692e;

    c. Added fees or interest on the account that were not authorized by statute or law in violation of 15 U.S.C. §1692f(1).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Release of the alleged debt;

    D. Statutory damages, costs, litigation expenses and attorney's fees pursuant to 15 USC 1692(k); and

    E. For such other relief as the Court may deem just and proper.

By: __/s/ Matthew P. Cook_____  
Cook Law, LLC  
Matthew P. Cook #62815  
Attorney for Plaintiff  
2885 Sanford Ave SW #42270  
Grandville, MI 49418  
Phone:  314-200-5536  
Email:  Cookmp21@yahoo.com



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MATTHEW E P THORNHILL | **Case Number:**<br>2011-AC03380 |
| Plaintiff/Petitioner:<br>DELORES CARIO<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW P COOK<br>2885 SANFORD AVENUE<br>SW #42270<br>GRANDVILLE, MI  49418<br>(314) 200-5536 |
| Defendant/Respondent:<br> ACIMA CREDIT, LLC | Date, Time and Location of Court Appearance:<br>**18-AUG-2020, 09:00 AM**<br>**DIVISION 12 COURTROOM**<br>**300 N 2nd STREET**<br>**SAINT CHARLES, MO  63301** |
| Nature of Suit:<br>AC Other Tort | |

(Date File Stamp)

## Associate Division Summons

**The State of Missouri to**:  ACIMA CREDIT, LLC
                    **Alias:**
**CSC LAWYERS INC**
**221 BOLIVAR**
**JEFFERSON CITY, MO  65101**



*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____7/7/2020_____         _____/S/  Cheryl Crowder_____
            Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
_____ (name) _____ (title).
☐ other: _____.
Served at _____ (address) in
_____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
     Printed Name of Sheriff or Server                        Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer.**
        Subscribed and sworn to before me on _____ (date).
*(Seal)*
        My commission expires: _____  _____
                                                     Date                          Notary Public

**Sheriff's Fees, if applicable**
Summons                              $_____
Non Est                                 $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $_____10.00_____
Mileage                                 $_____ (_____ miles @ $._____ per mile)
**Total**                              $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) ss. |
| ST. CHARLES COUNTY, MISSOURI | ) |

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution. The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute. The mediator is impartial and has no authority to render a decision or impose a resolution on the parties. During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office. If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve. If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI            )
                             ) ss.
ST. CHARLES COUNTY, MISSOURI )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____  )
             Plaintiff(s),  )
                                 )
vs.                              )          Cause #_____
                                 )
_____   )
            Defendant(s).    )

### CONSENT TO MEDIATION FORM

      I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

_____ We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____ We do not consent to the referral of this case to mediation.

                                                    _____
                                                    Signature

                                                    _____
                                                    (Print Name)

                                                    Attorney for:

                                                    _____
                                                    (Party or Parties)

Date: _____

# **NOTICE TO ATTORNEYS AND LITIGANTS**

# **COURT PROCEDURES FOR IN-PERSON HEARINGS**

1. **YOU MUST BRING AND WEAR A MASK WHILE IN THE COURTHOUSE.**

2. You MUST be here and check in at the beginning of the hour you are assigned.

3. Only the Litigants and their Attorney are permitted in the Courthouse. No other family members are permitted in the Courthouse.

4. Only 2 persons may use an elevator at a time. The stairwells will be open for separate entry and exit with instructions.

5. A limited number of people are permitted in the courtroom at a time. If you are in the hallway waiting for your turn in court you MUST practice social distancing of 6 feet of separation. Follow the instructions of the bailiff at all times.

6. You are only permitted to be on the same floor of the Courthouse as the Courtroom to which you are assigned.

7. You MUST have all paperwork filed with the Court prior to the start of your court time.

8. You MUST have all plea agreements worked out with the Prosecuting Attorney's office and all paperwork filed with the Court prior to your Court date. No plea bargaining in Court will be permitted.

9. **If you have ANY cold or flu-like symptoms, fever, dry cough or difficulty breathing, DO NOT come to the Courthouse. You should contact your Attorney and the Courts prior to your assigned court time, preferably 24 hours before your court date. You will be given a new Court date.**