# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **DELORIS CARIO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CASE NO.: 4:20-cv-01006 |
| v. | ) |
| | ) |
| **ACIMA CREDIT, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT ACIMA CREDIT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Acima Credit, LLC ("Acima"), specifically reserving its right to seek arbitration of Plaintiff's claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, hereby submits its answer to the "Petition for Damages" (hereinafter, "Complaint") of Plaintiff Deloris Cario ("Plaintiff"), stating as follows:

## INTRODUCTION AND JURISDICTION

1. Acima admits that Plaintiff is attempting to assert violations of the Fair Debt Collection Practices Act ("FDCPA") but denies it committed any violation and denies that Plaintiff is entitled to any relief.

2. Acima admits that Plaintiff has asserted claims under the FDCPA, which creates federal question jurisdiction. Acima denies that it committed any violation of the FDCPA and further states that Plaintiff agreed to arbitrate any and all disputes against Acima and, as a result, that this Court is not the proper forum to determine the merits of Plaintiff's claims.

3. Acima is without information or knowledge to determine whether venue is proper in this Court. Acima further states that Plaintiff agreed to arbitrate any and all disputes against

43926974 v1

Acima and, as a result, that this Court is not the proper forum to determine the merits of Plaintiff's claims.

4. Acima admits that Plaintiff has demanded a trial by jury but denies that it has violated any law and, therefore, denies that Plaintiff is entitled to a trial by jury. Acima further states that Plaintiff agreed to arbitrate any and all disputes against Acima and, as a result, that she is not entitled to have a jury decide the merits of her claims.

**PARTIES**

5. Acima is without sufficient information to admit or deny the allegation that Plaintiff is a natural person residing in St. Louis County and, as a result, denies the allegations and demands strict proof thereof. Acima states that the remaining allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Acima denies the remaining the allegations.

6. Acima states that it is a Utah limited liability company organized under the laws of the State of Utah. Acima denies that its principal purpose is the collection of debts and denies that it regularly attempts to collect debts. Acima also denies that it is subject to the provisions of the FDCPA.

7. Denied.

**FACTS**

8. Denied.

9. Acima admits that it spoke with Plaintiff on the phone on June 15, 2020 and June 16, 2020 and provided a settlement offer to Plaintiff. Except as expressly admitted herein, Acima denies the allegations of this paragraph and demands strict proof thereof.

10. Acima denies that it was required to provide Plaintiff with any mini-*Miranda* warning because Acima is not subject to the FDCPA.

11. Denied.

12. Acima denies that it was required to provide Plaintiff with any mini-*Miranda* warning because Acima is not subject to the FDCPA.

13. During a call on June 16, 2020, Acima admits that it told Plaintiff that she had accrued fees in the amount of $385.00. Except as expressly admitted herein, Acima denies the allegations of this paragraph and demands strict proof thereof.

14. Denied

15. Denied.

16. Denied.

17. Denied.

18. Denied.

### COUNT I: VIOLATION OF THE FDCPA

19. Acima incorporates all of its prior responses as if fully set forth herein.

20. Denied.

21. Acima states that the allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Acima denies the allegations.

22. Denied.

In response to the paragraph beginning with WHEREFORE and located after paragraph 22, Acima denies that Plaintiff is entitled to a declaratory judgment, actual damages, release of the alleged debt, statutory damages, costs, litigation expenses, and attorney's fees, or any other relief whatsoever.

# AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's claims against Acima are subject to a valid arbitration provision contained in Plaintiff's Rental Purchase Agreement with Acima. Specifically, the Agreement that governs the account at issue contains a provision requiring the parties to arbitrate any and all disputes between them. Acima reserves the right to compel arbitration and does not waive that right by filing this Answer.

## SECOND DEFENSE

Acima was the original creditor for the account at issue and, as a result, is not a "debt collector" subject to the provisions of the FDCPA.

## THIRD DEFENSE

Plaintiff cannot recover from Acima under the Complaint to the extent that she has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

## FOURTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## FIFTH DEFENSE

To the extent Plaintiff's claims relate to conduct occurring beyond the applicable statute of limitation, they are time barred.

## SIXTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Acima denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Acima.

## SEVENTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Acima had no responsibility or control and for which Acima may not be held liable.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

## RESERVATION OF DEFENSES

Acima reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 7th day of August, 2020.

*/s/ Ryan S. Rummage*
Ryan S. Rummage (Missouri Bar No. 69871)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rrummage@burr.com

Attorney for Defendant
ACIMA CREDIT, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by directing same to counsel of record listed below by first-class, United States mail, postage prepaid, on this the 7th day of August, 2020:

Matthew P. Cook
Cook Law, LLC
2885 Sanford Ave SW #42270
Grandville, MI 49418
(314) 200-5536
Cookmp21@yahoo.com

                                */s/ Ryan S. Rummage*
                                OF COUNSEL